## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| JERI KOPETZKY,<br><br>Plaintiff,<br><br>vs<br><br>LEGACY APPLE, LLC.<br><br>Defendant. | 4:20-cv-4005<br><br><br>**COMPLAINT AND REQUEST FOR TRIAL BY JURY** |

Plaintiff Jeri Kopetzky brings this action discrimination in employment, stating the following claims against Defendant Legacy Apple, LLC:

### JURISDICTION

1.   This action for reprisal discrimination and sexual harassment arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

2.   Jeri Kopetzky ("Kopetzky") is an adult resident of Sioux Falls, South Dakota.

3.   Legacy Apple, LLC, doing business as Applebee's Grill and Bar ("Applebee's"), is a national restaurant chain that operates restaurant # 7706 at 4001 W. 41st Street, Empire Mall Sears Wing, Sioux Falls, South Dakota.

4.   At all relevant times, Applebee's was an employer within the meaning of 42 U.S.C. § 2000e(b).

5.   At all relevant times, Kopetzky was an employee of Applebee's within the meaning of  42 U.S.C. § 2000e(f).

6.   Kopetzky timely filed a Charge of Discrimination alleging both discrimination and retaliation.

7.   The Equal Employment Opportunities Commission issued its Notice of Right to Sue on October 23, 2020.

8.   As such, this Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

9.   Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred within the Southern Division of the District of South Dakota.

## FACTUAL ALLEGATIONS

10. On October 3, 2019, Kopetzky was hired as a cook at Applebee's restaurant # 7706.

11. Almost immediately after she started work, Kopetzky was subjected to sexual harassment by one of her male co-workers, Jose Nieto.  Nieto repeatedly grabbed Kopetzky by the hips, tried to hit or touch her butt, rubbed up against her when he passed by her workstation, blew kisses toward her and made a variety of sexual remarks directed toward her.

12. Kopetzky initially tried to directly persuade Nieto to stop harassing her. When Nieto persisted in sexually harassing her, approximately two weeks after becoming employed at Applebee's restaurant # 7706, Kopetzky made her first complaint about Nieto's sexual harassment to her manager.

13.  To the best of Kopetzky's knowledge, other female employees had also reported Nieto for sexually harassing behavior.

14. Nieto did not cease his sexually harassing behaviors, so Kopetzky reported Nieto's sexually harassing behaviors several more times.  Kopetzky's managers told her that they needed "proof" of the sexually harassing behavior before they would address it.

15. On December 16, 2019, while at work in the Defendant's restaurant, Nieto slapped Kopetzky across her butt.  Kopetzky again reported the sexually harassing behavior to her

manager.

16. Applebee's management responded to this report of sexual harassment by reviewing the videotape of the incident and then asking Kopetzky what she wanted to happen. Kopetzky asked the managers to follow the company policy and discipline Nieto.

17. Nieto was given a written "employee warning" as a result of the December 16, 2019 incident. However, Nieto's warning stated: "On Wednesday Nov. 20th, 2019 at 8:17 pm, Jose is seen on video tape slapping the butt of Jeri Kopetzy [sic]. There will be no more of this or any or [sic] form of harassment to any fellow staff members. If you or the other staff members harass Jeri or any other staff, no [sic] will be fired."

18. After this report, Nieto began to retaliate against Kopetzky by refusing to perform his job duties that related to her job duties, and by saying insulting remarks to and about her to other staff members. Because some of his job duties required him to retrieve items so that Kopetzky could complete her job duties, his refusal to work with her negatively affected her ability to perform her duties. Other co-workers similarly ignored and undercut Kopetzky's performance when Nieto was present.

19. Kopetzky reported the retaliatory treatment to her manager several times in December 2019.

20. To the best of Kopetzky's knowledge, no disciplinary action was taken against Nieto for his retaliatory behavior.

21. On January 25, 2020, Kopetzky was issued a disciplinary warning for allegedly failing to report to work without notifying a manager. Kopetzky disputed the disciplinary action and documented that she had spoken to three managers about her absence.

22. Between December 2019 and March 2020, Kopetzky had health problems and

obtained medical releases from her physicians to receive approved time off from work.

23. In March 2020, Kopetzky was the first employee furloughed from Applebee's restaurant # 7706 when the Defendant temporarily closed it in relation to concerns about the COVID-19 epidemic.

24. The company's General Manager told Kopetzky that she had been approved to receive some income support because she qualified for the company's Family Fun as a result of her medical leaves. When Kopetzky called the corporate office to complete the process of obtaining this funding, she spoke with the Defendant's Director of Operations, Todd Schriever. In the course of talking to him about her qualification for Family Funds, Kopetzky reported the sexual harassment and retaliation she had suffered in the Applebee's workplace and told Schriever that she did not feel that her reports to management had been taken seriously. Schriever told Kopetzky that he would look into her Family Fund claim and that she would still have a job.

25. Kopetzky did not receive any Family Fund support after this call and did not ever hear from Schriever again.

26. On April 20, 2020, the Defendant was able to call employees back to work.

27. Kopetzky, who was on re-employment benefits because of the furlough, was not called back to work and eventually learned that her co-workers had been.   She called her manager and advised that she was able to return to work.

28. At the end of May, while she was still receiving COVID-19 related unemployment benefits, Kopetzky again called and advised her employer she was able to return to work.  At this time, she was advised that her employment had been terminated.

29. Kopetzky filed a Charge of Discrimination alleging sexual harassment and retaliation

on August 24, 2020.

## CAUSES OF ACTION

### COUNT I
### Reprisal Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

30. Plaintiff incorporates the foregoing paragraphs by reference.

31. Title VII, 42 U.S.C. § 2000e-3(a) provides in part that it is an unlawful employment practice for an "employer to discriminate against any of his employees or applicants for employment" or "to discriminate against any individual" "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

32. Plaintiff repeatedly complained to Defendant that she was being discriminated against on the basis of sex.

33. Plaintiff reasonably believed that she was being discriminated against on the basis of sex.

34. Defendant reduced Plaintiff's work hours and ultimately discharged Plaintiff.

35. Plaintiff's reduced work hours and discharge might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination.

36. Defendant would not have reduced Plaintiff's work hours or discharged Plaintiff but-for Plaintiff's complaints of sex discrimination, including retaliation.

37. Plaintiff was denied benefits, denied hours and eventually terminated in retaliation for her protected conduct in violation of 42 U.S.C. § 2000e-3.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered loss of past and future income and employee benefits, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and other damages in excess of $75,000.

39. Plaintiff is entitled to attorneys' fees and costs in connection with this claim.

40. Plaintiff is entitled to punitive damages because the above-alleged acts were committed with malice, or reckless or deliberate disregard for Plaintiff's rights and safety.

## COUNT II
### Sex Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

41. Plaintiff incorporates the foregoing paragraphs by reference.

42. 42 U.S.C. § 2000e-2(a)(1) provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]"

43. The Plaintiff was subjected to repeated incidents of sexually harassing behavior in her workplace, including unwanted physical touching.

44. The sexual harassing conduct was unwelcome.

45. Such conduct was based on Plaintiff's sex.

46. Such conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile.

47. At the time such conduct occurred and as a result of such conduct, Plaintiff believed her work environment to be hostile.

48. Defendant knew or should have known of the sexually harassing behavior of Plaintiff's co-worker because of her repeated reports of sexual harassment.

49. Defendant failed to take prompt and appropriate corrective action to end the harassment.

50. Defendant's conduct described herein violates 42 U.S.C. § 2000e-2.

51. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.

52. Plaintiff is entitled to attorneys' fees and costs incurred in connection with this claim.

53. Plaintiff is entitled to punitive damages because the above-alleged acts were committed with malice, or reckless or deliberate disregard for Plaintiff's rights and safety.

WHEREFORE, Plaintiff Jeri Kopetzky prays for judgment against Defendant Legacy Apple, LLC as follows:

A.   That the practices of Defendant complained of in this Complaint be determined to violate the rights secured to Plaintiff under Title VII;

B.   For all relief available to Plaintiff, including compensatory relief and damages arising from loss of past and future income, benefits, emotional distress, and other damages, with interest on such amounts, and punitive damages in an amount in excess of $75,000;

C.   For Plaintiff's attorneys' fees, costs and disbursements incurred herein;

D.   For punitive damages as a result of Defendant's acts committed with malice, or reckless or deliberate disregard for Plaintiff's rights and safety;

E.   For such other and further relief available; and

F.   For a jury trial on all issues.

Dated this _____ day of January, 2021.

JOHNSON POCHOP & BARTLING
LAW OFFICE, LLC

Stephanie E. Pochop (SD # 1379)
405 Main Street | PO Box 149
Gregory, SD 57533
Telephone: (605) 835-8391
Facsimile: (605) 835-8742
Stephanie@Rosebudlaw.com
*Attorney for Plaintiff Jeri Kopetzky*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JERI KOPETZKY

## DEFENDANTS
APPLE LEGACY, LLC

(b) County of Residence of First Listed Plaintiff   Minnehaha County, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Sedgwick County, KS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Stephanie E. Pochop  Johnson Pochop & Bartling
405 Main Street |PO Box 149 Gregory, SD 57533 (605) 269-0665

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                         *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 710 Fair Labor Standards | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | Act | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 720 Labor/Management | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | | Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | | ☐ 751 Family and Medical | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | | Leave Act | Act |
| | Medical Malpractice | | | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 791 Employee Retirement | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | Income Security Act | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | |
| | Employment | **Other:** | | 26 USC 7609 | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | |
| | Other | ☐ 550 Civil Rights | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | |
| | | ☐ 560 Civil Detainee - | ☐ 465 Other Immigration | | |
| | | Conditions of | Actions | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e et seq ("Title VII of the Civil Rights Act of 1964, as amended")
Brief description of cause:
Retaliation and sex discrimination in employment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *N/A*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE
01/07/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Stephanie E. Pochop

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.